IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES L. HOOPER, | § | |
| | § | |
| Plaintiff Below, | § | No. 325, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| DAVID L. OLMSTEAD, | § | C.A. No. N15C-02-053 |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: July 3, 2018
Decided: July 19, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the appellant's response, the Court concludes that:

(1) On June 22, 2018, the appellant, James L. Hooper, filed a notice of appeal from a Superior Court Stipulation and Order of Dismissal with Prejudice, dated July 15, 2015 and docketed on July 16, 2015. A timely notice of appeal was due on or before August 17, 2015.[1] The Senior Court Clerk issued a notice directing Hooper to show cause why this appeal should not be dismissed as untimely.

---

[1] Supr. Ct. R. 6(a)(i); Supr. Ct. R. 11.

(2)     In his response to the notice to show cause, Hooper argues that his former counsel and opposing counsel conspired against him and did not let him know of the settlement.  Hooper does not indicate when he learned of the settlement and stipulation or why it took him almost three years to file a notice of appeal.

(3)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]  Hooper has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel.  This appeal must therefore be dismissed.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), this appeal must be DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).